1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

4

STEWARD J. LEONARD

  Plaintiff

5

  v.

6

HUMACAO GLASS & ALUMINUM
CONTRACTORS; et al.

7

8

  Defendants

**CIVIL NO. 03-2250 (DRD)**

9

**REPORT AND RECOMMENDATION**

10

11

12

13

14

Before the Court is Humacao Glass & Aluminum Contractors' ("Humacao Glass") and Hector Rivera Castro's *("*Rivera") (jointly referred as the "defendants") motion to dismiss (Docket No. 46) claiming the Court lacks jurisdiction, and that the plaintiff has no standing to state a claim against the appearing defendants.  For the reasons set forth herein, the Court **RECOMMENDS** that the motion to dismiss be **DENIED**.

15

**I. Factual Background**

16

17

18

19

20

21

22

23

24

25

 On October 23, 2002, Steward J. Leonard ("Leonard") ordered from Humacao Glass, through contractor Bernard Chance ("Chance"), six custom-made Thermopane glass plates. (Docket 51, p. 3, ¶ 1).  The glass plates were to be installed by Chance in the plaintiff's second home in St. Martin. (Docket 51, p. 2, ¶ 4).  As was required by Humacao Glass and Rivera, then vice president and administrator of Humacao Glass, the full price of the plates and installation fees, totaling $ 35,985.78, was paid to Humacao Glass by plaintiff.  (Docket 51, p. 3, ¶ 2). Thereafter, Humacao Glass shipped to Chance various glass plates which were different from the ones which had been originally ordered by the plaintiff.  (Docket 51, p. 3, ¶ 2).  As a result, on November 25, 2003, Leonard filed a Complaint against Humacao Glass and Rivera for breach of contract and damages allegedly suffered. (Docket 51, p. 2, ¶ 4).

26

**II. Standard of Review**

27

28

 In a jurisdictional challenge, "the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable

**CIVIL NO. 03-2250 (DRD)**                    2

to plaintiff." Pejepscot Indus. Park v. Maine Cent. R.R., 215 F. 3d 195, 197 (1st Cir. 2000); see

Freiburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 257 (N.D.III. 1992); Hart v. Mazur, 903

F. Supp. 277, 279 (D.R.I. 1995) (motions under Rule 12(b)(1) and Rule 12(b)(6) reviewed under

the same standard). Once the challenge has been raised, however, the plaintiff carries the burden

of demonstrating the existence of the Court's jurisdiction. See Puerto Rico Tel. v. Telecom

Regulatory Bd., 189 F. 3d 1, 7 (1st Cir. 1999).

When assessing whether dismissal is appropriate, "the trial court must accept as true the

well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the

plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify

recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 508 (1st

Cir. 1998) (citations omitted). But "although this standard is diaphanous, it is not a virtual mirage."

Berner v. Delahanty, 129 F. 3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Motor Corp., 851 F.

2d 513, 515 (1st Cir. 1988)). In order to survive a motion to dismiss, "a complaint must set forth

factual allegations, either direct or inferential, respecting each material element necessary to sustain

recovery under some actionable legal theory." Id. When judging a complaint's sufficiency, courts

must set forth factual allegations, either direct or inferential, respecting each material element

necessary to sustain recovery under some actionable legal theory." Id. When judging a complaint's

sufficiency, courts must "differentiate between well-pleaded facts, on the hand, and bald assertions,

unsupportable conclusions, periphrastic circumlocution, periphrastic circumlocution, and the like,

on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle,

142 F. 3d at 508; see Rogan v. Menino, 175 F. 3d 75, 77 (1st Cir. 1999). The reviewing court

should "not accept a complaint's unsupported conclusions or interpretations of law." Wash. Legal

Found. v. Mass. Bar Found., 993 F. 2d 962, 971 (1st Cir. 1993).

**III. Legal Analysis**

A. Lack of Jurisdiction

Under Section 1332 of Title 28 of the United States Code, "the district courts have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interests and costs, and is between citizens of different States". 28

**CIVIL NO. 03-2250 (DRD)**                3

U.S.C.A. § 1332. "The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff on the complaint controls matter if dismissal for want of jurisdiction if the claim is apparently made in good faith, and it must appear to a legal certainty that claim is really for less than jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, (1938). Under St. Paul, "a plaintiff's allegations of damages that meet the amount in controversy requirement suffices unless questioned by the opposing party or the court." Spielman v. Genzyme Corp., 251 F. 3d 1, 5 (1st Cir. 2001). "Once a defendant questions jurisdiction by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that it is not a legal certainty that the claims does not involve the requisite amount". Id. p. 4; Barret v. Lombardi, 239 F. 3d 23, 30-31 (1st Cir. 2001). "Although federal courts must look to state law to determine the nature and extent of the right to be enforced in a diversity case, the determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards," Horton v. Liberty Murual Insurance Co., 367 U.S. 348, 352-53 (1961).

In the case at bar, defendants contest the jurisdictional amount claimed by the plaintiff, alleging it was made in bad faith with the purpose of creating federal diversity jurisdiction. (Docket 46, p.16, ¶ 2 ). Defendants contend that plaintiff is seeking "double compensation" since he is claiming not only the reimbursement of the amounts paid to Humacao Glass for the glass plates at issue, but also the total amount paid for a second order of the same glass plates ordered to another supplier. (Docket 46, p.10, ¶ 2 ). Defendants claim that under the Puerto Rico law, remedies for breach of contract are limited to requesting specific compliance and interests or the rescission of the obligation, with the indemnity for damages and payment of interests. (Docket 46, p.11, ¶ 2 ). Therefore, they allege, plaintiff's claim for damages must be limited to the difference between the original payment of the glass plates and its installation and the payment for these two items made to another supplier. (Docket 46, p.14, ¶ 2 )  In his opposition, Leonard alleges that the jurisdictional amount claimed does not include reimbursement of the amount paid to Humacao Glass. Instead, Leonard alleges that the jurisdictional amount includes the additional costs caused by the breach of contract. (Docket 51, p. 10, ¶ 1). To support his claim, the plaintiff has detailed

**CIVIL NO. 03-2250 (DRD)**                  4

the alleged damages, among which are the costs of the glass plates which had to be bought to another supplier, installation fees, shipping costs related to the returned plates supplied by other, additional costs caused by the delay and related architectural fees.  (Docket 51, p.10).

"To apply the legal certainty test, the Court is to look at the allegations from the face of the pleadings.  The plaintiff only need show that it is not a legal certainty that the claim will not result in a verdict for the amount in controversy." Rosado Torres v. Star- Kist Foods, 370 F. 3d 124, 128 (1st Cir. 2004).  The Court notes that in the Complaint the plaintiff had previously detailed the damages he is claiming and did not include the original $ 35,985.78 payment to Humacao Glass. (Complaint, ¶ 17 ).  Thus, the plaintiff has not claimed "double compensation" as alleged by the defendants, but additional costs caused by the breach of contract.  Consequently, the Court concludes that it is not legally certain that the plaintiff cannot recover an award in excess of $ 75,000.00 for the damages caused by the alleged breach of contract. Therefore, the Court **RECOMMENDS** that the motion to dismiss on the basis of lack of jurisdiction be **DENIED**.

B. Plaintiff's Standing

Next, defendants contest the plaintiff's standing to bring the instant case since he was not an actual party to the contract between Humacao Glass and his agent Chance.  (Docket 46, p. 22, ¶ 3).  To that effect, defendants first assert that pursuant to Puerto Rico law, through an agency contract, a person binds himself to render some services, or to do something for the account or at the request of another, P.R. Laws Ann tit. 31 § 4421.  "When an agent acts in his own name, the principal shall have no action against the persons with whom the agent has contracted, nor the said persons against the principal.  In such case, the agent is directly liable to the person with whom he has contracted, as if the transaction were his own", P.R. Laws Ann. tit 31 § 4429. (Docket 46, p. 23, ¶ 2).  Defendants argue that according to the plaintiff's allegations, it was Chance who contacted Humacao for a price quote of six large plates of Thermopane glass with aluminum window frames. (Docket 46, p. 20, ¶ 2). Defendants further allege that Chance was the person with  whom all the negotiations were done, who received all the price quotes, who finally agreed with the price submitted by the defendants on October 23, 2002, and who received the shipment under his name. (Docket 46, p. 22, ¶ 2).  According to defendants, Chance never disclosed his agency relationship

**CIVIL NO. 03-2250 (DRD)**                                5

with the plaintiff to the appearing defendants and that they were unaware of the plaintiff's existence as principal until after Chance had already received the glass plates in St. Martin, and after the contract had been already executed. (Docket 46, p. 24, ¶ 2).

Although defendants have submitted evidence to support their contention, the standard of review of Fed. R. Civ. P. 12 requires the Court to take all of the plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to the plaintiff." Pejepscot Indus. Park v. Maine Cet. R.R., 215 F. 3d 195, 197 (1st Cir. 2000). Moreover, when considering a motion to dismiss under Rule 12 the Court must limit its focus to the allegations of the complaint. Litton Indus. V. Colon, 587 F. 2d 70, 74 (1st Cir. 1978). The Court finds that the evidence presented by the defendants is beyond the scope of the Court which is limited to the allegations on the complaint. For the above stated reasons, the Court concludes that it is not able to review the evidence presented by the defendants at this stage of the proceedings. Therefore, the Court **RECOMMENDS** that the motion to dismiss on the basis that the plaintiff has no standing be **DENIED**. Defendants, however, may explore this issue as a defense at the summary judgment stage.

C. Indispensable Party

Defendants claim that Chance is an indispensable party because he was the person who entered into the contract in question with Humacao Glass. Defendants allege that Chance's absence will cause undue prejudice, and a potential risk to the appearing defendants since the plaintiff was not aware of how the transaction was performed and which were the actions taken by the parties involved in such contract. (Docket 46, p. 24, ¶ 2). The question of whether Chance is an indispensable party is governed by Fed. R. Civ. P. 19(a); which sets forth a two part inquiry, pursuant to which said party must be first necessary and second indispensable. Rule 19(a) provides that a person should be joined in a pending action when complete relief cannot be afforded to those who are already parties, or the person claims to have an interest in the action and his absence would hinder his ability to protect that interest or leave a person who is already a party "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). When applying the above stated test, the Court must

**CIVIL NO. 03-2250 (DRD)**                    6

consider whether complete relief can be afforded to the plaintiff in the absence of Chance.  Second,

a party is indispensable under Rule 19(a)(2) only if it claims a "legally protected" interest relating

to the subject matter of the action. United States v. San Juan Bay Marine, 239 F. 3d 400, 406 (1st

Cir. 2001).  Finally, as to the risk of multiple and/or inconsistent obligations, "the key is whether

the possibility of being subject to multiple obligations is real; an unsubstantial or speculative risk

will not satisfy Rule 19(a) criteria."  7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane,

Federal Practice and Procedure: Civil 3d § 1604 at 64.

        For the matter at bar, the Court will assume that Chance is a necessary party under Rule

19(a) since he was the person responsible for placing the original order of glass plates with

Humacao Glass  which gave rise to Leonard's breach of contract claim.  The Court will also assume

that Chance is an indispensable party under Rule 19(a) in order to protect defendants from multiple

obligations, since he was a party to the contract that was allegedly breach by the defendants and is

entitled to state a claim for the breach of such contract.  The record also reflects that Judge

Domínguez stated at a Status Conference (see Docket No. 53) that if it was recommended by this

Magistrate Judge that Chance was an indispensable party to the complaint, that fact would not

divest the Court from its jurisdiction, hence dismissal is not warranted because all it would take

would be to amend the complaint.  The Court further notes that defendants acknowledged said

reasoning. (Docket No. 53).  Therefore, the Court **RECOMMENDS** that the motion to dismiss on

the basis that an indispensable party is not a party to the Complaint be **DENIED**.

        **SO RECOMMENDED.**

        In San Juan, Puerto Rico this 7th day of October, 2005.



                                        *S/ Gustavo A. Gelpí*
                                        GUSTAVO A. GELPÍ
                                        U.S. Magistrate Judge