## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

STEWARD J. LEONARD
 **Plaintiff**

**v.**                                                   CIVIL NO. 03-2250 (DRD)

HUMACAO GLASS &
ALUMINUM CONTRACTORS INC., et als.,
 **Defendants**

### OPINION AND ORDER

Pending before the Court is co-defendants Humacao Glass & Aluminum Contractors, Inc., and Mr. Hector Rivera Castro's *Motion to Dismiss* (Docket No. 46) moving the Court to dismiss plaintiff's claims against the appearing co-defendants.  Co-defendants sustain that the Court lacks jurisdiction to entertain the instant claim because plaintiff cannot meet the jurisdictional amount threshold; and in the alternative, that plaintiff has no standing to file the instant complaint because he was not a party to the contract hence, the indispensable party is missing.  For the reasons stated herein, the Court hereby **DENIES** Humacao Glass & Aluminum Contractors, Inc., and Mr. Hector Rivera Castro's *Motion to Dismiss* (Docket No. 46).

### UNOPPOSED REPORT AND RECOMMENDATION STANDARD

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections **within ten (10) days after being served a copy thereof**. See Local Rule 510.2(A); Fed. R. Civ. P. 72(b).

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1).  Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2.  "Failure to file objections within the specified time waives the right to appeal the District Court's order."  Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st

Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).  "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings);  Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified");  Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988);  Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").  See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

        No objections to the R & R have been filed in this case. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept the unopposed R & R. *See*, Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419(5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410(5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for  "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305(D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555(M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

## FACTUAL BACKGROUND

        Plaintiff filed the instant case against co-defendants claiming breach of contract and alleged damages suffered arising from co-defendants's failure to deliver some glass plates as specified in its order.  Plaintiff sustains that although specifications for the construction and size of said glass plates were provided at the time the order was placed, full price and installation fees paid, plaintiff

affirms that the glass plates delivered failed to comply with said specifications as provided.  As a result of said failure, plaintiff claims damages in excess of the jurisdictional threshold amount.

Further, plaintiff avers that once the glass plates were received and noncompliance was noted, the glass plates were rejected and sent back to the co-defendants demanding compliance with the order placed and/or the return of the monies paid.  Co-defendants rejected to accept the returned glass plates and refused to return the amount prepaid by plaintiff alleging that delivery was made in accordance with the specifications provided by plaintiff.

Plaintiff avers that as a result of co-defendants' noncompliance, substantial additional costs have been incurred because glass plates were purchased from other supplier requiring that additional shipping fees and costs were incurred, architectural fees were additionally paid, shipping costs incurred by co-defendants relating to the returned glass plates rejected by co-defendants, and additional costs associated to the delay.

### RULE 12(b)(1) STANDARD OF REVIEW

When deciding a Motion to Dismiss, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor.  Viqueira v. First Bank 140 F.3d 12, 16 (1st Cir, 1998).  To resolve factual disputes bearing upon the existence of jurisdiction, a court may review the evidence including affidavits and depositions. Once a defendant files a motion contesting the Court's subject matter jurisdiction, pursuant to Federal Rule 12(b)(1), it is plaintiff's burden to establish that the Court has jurisdiction.  Therefore, if jurisdiction is asserted pursuant to diversity (28 U.S.C.A.§332) plaintiff has to establish that there is complete diversity and that his claim exceeds the jurisdictional amount. See St. Paul Mercury Indem Co. v. Red Cap Co. 303 U.S. 283 (1938).

Federal Courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction".Spielman v. Genzyme Corp, 251 F3d 1 (1st Cir., 2001). The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases."Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d 84, 88 (D. Puerto Rico, 2002) citing Conventry Sewage Association v. Dworking Realty Co., 71 F.3d 1,3 (1st Cir., 1995). Therefore, a party that seeks the jurisdiction of the Federal Courts, has  the burden of demonstrating its existence. Murphy v. United States, 45 F.3d 520,522  (1st Cir. 1995).

Pursuant to Rule 12(b)(1) a defendant may move to dismiss an action for lack of jurisdiction.

Fed. R.Civ.P. 12(b)(1). District courts have original jurisdictions of all civil actions between citizens of different states where the matter of controversy exceeds $75,000. 28 U.S.C.A. §1332.  When evaluating whether the jurisdictional amount is met, the Court may not aggregate several plaintiff's claims. For a claim to survive it must allege the minimum amount by itself.  Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d at 87 (*internal citations omitted*). To determine that a party has failed to meet the required amount the Court must conclude, to a legal certainty, that the claim exceeds the minimum jurisdictional amount. St. Paul Mercury Idem Co. v. Red Cab Co. 303 U.S. at 288-289.

To prevent the dismissal, the proof offered by the plaintiff must persuade the Court that objectively it could be found that the claim surpasses the jurisdictional minimum. Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d at 87; D'Amato v. Rhode Island Hospital Trust National Bank, 772 F.Supp at 1324; Jiménez Puig v. Avis Car Sys., 574 F.2d 37, 40 (1st Cir. 1978).  Plaintiff has the burden of proving, by preponderance of evidence, facts that support the allegation of jurisdiction.  Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d at 87; Bank One Texas N.A. v. Montle, 964 F.2d 48,50 (1st Cir., 1992).

Furthermore, it is known that in this circuit, motions under Rule 12(b)(1) are reviewed under the same standard as a motion under Rule 12(b)(6).  Municipality of San Juan v. Human Resources Occupational Development Council, 371 F.Supp.2d 52, 55 (D.P.R. 2005); Hart v. Mazur, 903 F.Supp. 277, 279 (D.R.I. 1995).  Hence, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991).  The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard,83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 51 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss,  plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).  In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).  A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley v. Gibson, 355 U.S. at 45-46; Aulson v. Blanchard, 83 F.3d at 3.

Therefore, once the jurisdictional challenge has been raised by defendants, plaintiff bears the burden of demonstrating the Court's jurisdiction.  Municipality of San Juan v. Human Resources Occupational Development Council, 371 F.Supp.2d at 55.  The Court proceeds forth under the aforementioned standard of review.

## APPLICABLE LAW AND ANALYSIS

As stated previously, since no objections were filed to the Magistrate Judge's R & R, the Court needs to satisfy that there is no plain error on the face of the record in order to accept the unopposed R & R. *See*, Douglass v. United Servs. Auto, Ass'n, 79 F.3d at 1419; *see also* Nogueras-Cartegena v. United States, 172 F.Supp.2d at 305(adopting the Advisory Committee "clear error" standard of review to unopposed R&R's).

**1) JURISDICTIONAL AMOUNT CHALLENGE**

At the outset, co-defendants sustain that plaintiff has brought the instant claim in bad faith to create federal diversity jurisdiction since its claims do not meet the jurisdictional threshold amount as set by statute.  Co-defendants aver that the jurisdictional amount is not met because plaintiff seeks double compensation for the glass plates ordered from co-defendants.  Co-defendants allege that plaintiff attempt to obtain the amount paid to co-defendants for said glass plates and its installation, and in addition claim the amount paid to the other glass plates' supplier.  According to co-defendants, this double compensation is not contemplated as a remedy under Puerto Rican Law, plaintiff's remedies are limited to request specific compliance with the contract and interests, or request the rescission of the contract and obtain indemnity for damages and payment of interests.

Co-defendants allege that in order to meet the jurisdictional amount, plaintiff claimed the following damages: 1) reimbursement of the amounts paid to co-defendants; 2) amounts paid to the second supplier for the glass plates and its associated installation fees; 3) shipping costs associated with the returned plates and rejected by co-defendants; 4) related architectural fees; and 5) and additional costs associated by the delay.  Co-defendants sustain that the sum of the alleged damages amounts to $80,247.11, barely exceeding the threshold amount of $75,000.  However, co-defendants affirm that plaintiff is entitled to recover the difference of the amount paid to co-defendants for the glass plates and its installation and the amount paid for these two items to the other supplier.

The Magistrate Judge concluded that it was not legally certain that plaintiff could not meet the jurisdictional threshold amount and recover damages in excess of the $75,000 set by statute.  The Magistrate Judge thoroughly examined plaintiff's allegations in the complaint and noticed that there was no basis to conclude that plaintiff sought double compensation from co-defendants since the amount initially paid for the glass plates was not claimed as damages suffered nor sought to be reimbursed as alleged by the co-defendants in their motion to dismiss.  The Magistrate Judge further concluded that plaintiff's damages were grounded in the **additional** costs incurred obtaining the glass plates from a supplier other than co-defendants.

Puerto Rico Law provides that in mutual obligations the right to rescind the obligation is implied in case one of the obligated parties does not comply with "what is incumbent upon him".  P.R. Laws Ann., Tit. 31, §3052.  Further, the party prejudiced by the breach "may choose between exacting the fulfillment of the obligation or its rescission, with indemnity for damages and payment

of interest in either case". Id. Furthermore, for an action to accrue under the quoted section, it is necessary that an obligation amongst the contracting parties be constituted; that the obligor fails to fulfill its duty; and that the nonfulfillment may cause damages. Perez v. Sampedro, 89 P.R.R. 498 (1962). Finally, in order to achieve the rescissory action provided by statute, the unfulfilled obligation constituted the motive for the contract between the parties, and it is not one of the accessory or complementary obligations. Municipality v. Vidal, 65 P.R.R. 346 (1945).

An examination of the complaint shows that plaintiff seeks the rescission of its contract with co-defendants and pursues indemnity for the damages arising from the alleged breach of contract. The complaint specifically alleges that as a result of co-defendants' breach of contract, plaintiff incurred "in substantial additional costs, among which are the [additional] costs of the glass plates which had to be bought to another supplier, installation fees, shipping costs related to the returned plates which were rejected by the defendants, shipping costs related to the glass plates supplied by the other, additional costs caused by the delay, [and] related architectural fees ... estimated in the amount of $80,247.11, plus accrued interests and legal fees".

It is known that at the motion to dismiss stage of the proceedings, the Court must examine the complaint and should not dismissed it for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Conley v. Gibson, 355 U.S. at 45-46. Furthermore, the Court must "accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d at 62-63. Finally, only should "the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Conley v. Gibson, 355 U.S. at 45-46.

Evidently, co-defendants challenge fails. Plaintiff's allegations in the complaint as stated previously does not allows a reading from which an inference may be made relating to "double compensation" as averred by co-defendants. The plain language of plaintiff's claims bars any further interpretation relating to the "double compensation" issue because nowhere in the complaint it is requested that co-defendants reimburse the amount paid for the glass plates. The language of the claim evidences that the amount exclusively sought by plaintiff relates to the extra costs associated with the glass plates ordered to another supplier and its associated costs.

Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and

**DENIES** co-defendants' Motion to Dismiss as to the jurisdictional challenge.

### 2) PLAINTIFF'S STANDING TO SUIT AND LACK OF INDISPENSABLE PARTY

Co-defendants' next challenge comprises the alleged plaintiff's lack of standing to sue due to the fact that he was not the actual party who contracted with co-defendants for the glass plates. Co-defendants aver that the contractual agreement was entered into by a Mr. Bernard Chance, an agent to the instant plaintiff, Mr. Steward J. Leonard.  Co-defendants sustain that plaintiff's allegations show that it was Mr. Chance, who visited co-defendants' facilities, met with co-defendants and discussed plaintiff's needs.  Further, co-defendants affirm that the documentation provided in support of its request for dismissal demonstrate that plaintiff was not a party to the agreement and has never made any negotiation or business contract with co-defendant hence, pursuant to Puerto Rico Law he is precluded from asserting the instant claim and the complaint should be dismissed because no relief can be granted.

Co-defendants sustain that it was Mr. Chance who made all negotiations relating to the order that was to be placed, received all related quotations, provided the agreement to the specific quotation submitted by the co-defendants, entered into the contract, and received the shipped glass plates under his name in St. Maarten.  Co-defendants allege that plaintiff has appeared for the first time at the time the instant complaint was filed alleging an interest in said agreement.  Consequently, co-defendants aver that since plaintiff was not a party to the agreement, it is precluded from asserting an interest in said agreement.  In other words, co-defendants affirm that the signatories to the agreement are the only parties with standing to sue for alleged breach of contract.

Furthermore, co-defendants sustain that according to Puerto Rico law, in an agency relationship, when the agent acts in his own name, the principal does not have a cause of action against those persons with whom the agent contracted, nor said parties against the principal. Therefore, co-defendants aver that since Mr. Chance never revealed the identity of his master nor the fact that he was acting on behalf of a party other than him precludes plaintiff to pursue its claims against said co-defendants.

Consequently, co-defendants further sustain that the instant claim should be dismissed because an indispensable party is missing, to wit, Mr. Bernard Chance, agent for plaintiff.  Co-defendants affirm that this absence of said indispensable plaintiff will result in undue prejudice and a potential risk to co-defendants, because plaintiff was unaware of the actions taken by the parties

entering the contract.

The Magistrate Judge concluded that co-defendants' request for dismissal should be denied on the grounds that the accompanying documentation allegedly evidencing that plaintiff was not the contracting party could not be considered at motion to dismiss stage of the proceedings and it was better suited for a motion for summary judgment. The undersigned agrees with the Magistrate Judge's recommendation. The Court explains.

It is known that should a party attach extrinsic evidence to a motion to dismiss, the Court is not precluded from considering said materials without conversion into one for summary judgment. Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000). Further, summary judgment is not appropriate when addressing subject matter jurisdiction under Rule 12(b)(1) because it is equivalent to assert that the plaintiff may loose the case in the merits simply because the Court does not have jurisdiction. Rivera v. Reno, 178 F.Supp.2d 78 (D.P.R. 2001)(citations omitted).

As stated previously, the Court examines co-defendants' request for dismissal under the motion to dismiss standard of review. Therefore, the Court is precluded from addressing the merits of co-defendants assertions because at this stage of the proceedings, whether Mr. Chance never revealed that he was an agent for Mr. Leonard is an issue of fact matter to be addressed under a motion for summary judgment if then deemed applicable after discovery. However, the Court notes that plaintiff has asserted that co-defendants knew of the principal-agent relationship because it was plaintiff who paid in advance for the glass plates and its installation. According to plaintiff, from that moment on, co-defendants were aware that the contracting party was plaintiff. Nevertheless, the Court forewarns the parties that this may rise an issue of credibility and/or weighing of evidence which cannot be entertained by the Court at the summary judgment stage. Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987).

Finally, as to co-defendants' request for dismissal for lack of indispensable party, the Court has reviewed the Minutes of Proceedings for the Status Conference held on July 26, 2005, wherein counsel for co-defendants acknowledge that incorporating Mr. Chance as an indispensable party to the complaint would not divest the Court from its jurisdiction. Consequently, all that is necessary is to determine whether Mr. Chance is an indispensable party according to the law.

Since no objections to the R & R have been filed, and under the plain error standard of

review or clear error standard, the Court examines the recommendation made by the Magistrate Judge that Mr. Chance is a necessary party since he was the person who provided the specifications and placed the original order of glass plates with co-defendants without revealing his internal relationship with plaintiff.  Secondly, the Magistrate Judge also concluded that Mr. Chance is an indispensable party in order to protect defendants from multiple obligations because Mr. Chance was the person who placed the order of glass plates, and under the instant alleged breach of contract claim, he is a party with standing to assert a claim for said alleged breach.

The Court agrees with the Magistrate Judge's determination as to the determination that Mr. Chance is a necessary party because it is known that generally, when a breach of contract is asserted, all parties to the contract are necessary parties.  Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 6, 78-79 (1st Cir. 1982).  Then the Magistrate Judge's recommendation as to Mr. Chance being a necessary party is correct.  Further, once it is determined that a party is "necessary" under Rule 19(a), it must then be determined whether if under Rule 19(b) a party is also an "indispensable" one, analysis to be performed on a case-by-case basis.  Provident Tradesmens B & T Co. v. Patterson, 390 U.S. 102, 118-19 (1968).

Moreover, it is well settled that courts are reluctant to grant motions to dismiss on the grounds of failure to join a party unless it appears that serious prejudice or inefficiency will result. Instead, the Court will order the absent party to be joined.  Jordan v. Washington Mut. Bank, 211 F.Supp.2d 670 (D.C.Md. 2002).  In the instant case, co-defendants have not asserted that serious prejudice nor inefficiency will result if Mr. Chance is joined.

The Court shall consider four factors in making its the determination as to whether a party is an indispensable party:

> first, to what extent a judgment rendered in the person's absence
> might be prejudicial to the person or those already parties; second, the
> extent to which, by protective provisions in the judgment, by shaping
> of relief, or other measures, the prejudice can be lessened or avoided;
> third, whether a judgment rendered in the person's absence will be
> adequate; fourth, whether the plaintiff will have an adequate remedy
> if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).  These four factors are overlapping.  Travelers Indemnity Co. v. Household Int'l Inc., 775 F.Supp. 518, 527 (D.Conn. 1991).  Moreover, the Supreme Court has provided four corresponding interests which the rule's four factors promote: 1) the interest of the absent party; 2) the defendant's interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which shares with an absent party; 3) the interests of the public and the courts in consistent, complete and efficient settlement of cases and 4) the plaintiff's interests in having an appropriate forum.  Provident Tradesmens B & T Co. v. Patterson, 390 U.S. 102, 108-111 (1968); H.D. Corp.of Puerto Rico v. Ford Motor Co., 791 F.2d 987, 992-93 (1st Cir. 1986).

An examination of the standards provided by the Supreme Court, it is evident that Mr. Chance is for all legal purposes an indispensable party and that he should be joined.  As correctly pointed out by the Magistrate Judge, Mr. Chance was a party to the contract that was allegedly breached and he may be entitled to state a claim for the breach of said contract and obtain the corresponding  relief.  Therefore, the complaint should not be dismissed for its failure to join Mr. Chance and plaintiff should be allowed to amend its complaint to include Mr. Chance as a party to the instant claim and/or provide proof that Mr. Chance provide evidence as to the existence of plaintiff as his principal in which case there is no indispensable party issue present.

## CONCLUSIONS

For the reasons stated herein the Court **ADOPTS** *in toto* the Magistrate Judge Report and Recommendation (Docket No. 58) and **DENIES** co-defendants' *Motion to Dismiss* (Docket No. 46). Further, the Court **ORDERS** plaintiff to amend its complaint joining Mr. Bernard Chance as a party to the complaint (except as stated herein i.e., the existence of plaintiff as the principal of the agent, Mr. Chance).  The Amended Complaint shall be filed **within twenty (20) days** from the issuance of this Order.  Mr. Bernard Chance must appear represented by counsel **within twenty (20) days** to commence counting the day after the Amended Complaint is filed.  Further, the Court schedules a **Status Conference** for the **27th day of April 2006 at 5:00 p.m.  Absolutely any request for an extension of time and/or for a Continuance shall be SUMMARILY DENIED.**
        **IT IS SO ORDERED.**
        In San Juan, Puerto Rico this 9th day of March 2006.

                                        **S/DANIEL R. DOMINGUEZ**
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**